HAYWOOD v. GRAND LODGE OF TEXAS K. P.

(Court of Civil Appeals of Texas. Galveston. May 24, 1911.)

1. INSURANCE (§ 718*)—MUTUAL BENEFIT INSURANCE — CONTRACT — INCORPORATION OF CONSTITUTION AND BY-LAWS.

The constitution and by-laws and the policy of a fraternal benefit association constitute the insurance contract between a member and the association.

[Ed. Note.—For other cases, see Insurance, Dec. Dig. § 718.*]

2. INSURANCE (§ 726*) — INSTRUCTION — FORFEITURE AS STRICTLY CONSTRUED.

A provision in a policy for forfeiture for nonpayment of assessments being for the benefit of the insurer is to be strictly construed, and, if there are repugnant conditions, the courts will enforce such as are in favor of the insured, and will prevent a forfeiture.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1870–1872; Dec. Dig. § 726.*]

3. INSURANCE (§ 756*)—MUTUAL BENEFIT INSURANCE — FORFEITURE—NOTICE TO EFFECT FORFEITURE.

The constitution of an insurer provided that a member more than three months in arrears should forfeit all rights under his policy; that every member should pay through his lodge the amount prescribed by the grand lodge quarterly in advance; that delinquent members should be immediately notified of arrearages, if possible, through the persons named as beneficiaries that their names would be dropped from the roll unless paid on or before a stated time; and that, where a wife was a beneficiary, the notification should be addressed to her and the notice inside to the member. *Held*, that under these provisions a member in arrears did not suffer a forfeiture until he had been notified of his delinquency in the manner provided.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1917–1918; Dec. Dig. § 756.*]

4. INSURANCE (§ 817*)—MUTUAL BENEFIT INSURANCE—ACTION FOR BENEFITS — BURDEN OF PROOF.

Where the insurer by its constitution has provided the manner of giving notice of a member's delinquency, and pleads that the deceased member had forfeited his policy by nonpayment of assessments, it has the burden of proving forfeiture and the giving of notice in the manner provided.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1999–2002; Dec. Dig. § 817.*]

5. INSURANCE (§ 756*)—MUTUAL BENEFIT INSURANCE—FORFEITURE — NOTICE TO EFFECT FORFEITURE.

Where the laws of a benefit society expressly provide the manner of giving a notice, that manner must be followed, and no other will suffice, in the absence of a custom or contract binding upon the member to receive notice in a different manner.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1917, 1918; Dec. Dig. § 756.*]

6. INSURANCE (§ 718*)—MUTUAL BENEFIT INSURANCE—BY-LAWS—EXISTING LAWS.

The constitution of a subordinate lodge provided that all powers not reserved to a superior lodge were given to it, such as creating its own by-laws, etc., and that every member should pay such benefits and dues as were stipulated by the by-laws; and at the organization of the lodge an oral motion was made and adopted fixing the amount of monthly dues, but this action was never recorded in the minutes or carried into the by-laws. *Held*, that the subordinate lodge could not require its members to pay any sums as monthly dues unless the amount should be stipulated in and fixed by the by-laws, and that the unrecorded proceeding fixing the monthly dues could not be regarded as a by-law.

[Ed. Note.—For other cases, see Insurance, Dec. Dig. § 718.*]

7. EVIDENCE (§ 376*)—BEST AND SECONDARY EVIDENCE — PRELIMINARIES TO ADMISSION OF SECONDARY EVIDENCE—RECORDS.

Where the testimony of the person who actually made the entries in an account book of a benefit society containing the account between itself and a member was not offered to show that the book was correct, but a witness testified that he had seen all of the entries made, and that they were correct, there is a sufficient predicate for the admission of the book in evidence.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1628–1646; Dec. Dig. § 376.*]

Appeal from Harris County Court; A. E. Amerman, Judge.

Action by Lillie Haywood against the Grand Lodge of Texas Knights of Pythias of North and South America, and Europe, Asia, and Africa. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

Rowe & Nall, for appellant. Clark C. Wren, for appellee.

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

McMEANS, J. Appellant, Lillie Haywood, brought this suit against appellee to recover $300 alleged to be due on an endowment policy issued by appellee to Dock Haywood, her husband, in which she is named as beneficiary. The appellee answered, denying its liability, and alleged that the policy, if it had ever been issued to Dock Haywood, had been forfeited in his lifetime by reason of his failure to pay certain dues owing by him to appellee. The case was tried before the court without a jury and resulted in a judgment for appellee, from which the appellant, Lillie Haywood, has prosecuted this appeal.

Appellant's fifth assignment of error is as follows: "The court erred in finding for the defendant and against plaintiff, and, in effect, holding that the policy sued on herein had been forfeited on account of nonpayment of dues by said Dock Haywood for the reason that by the provisions of the constitution and by-laws of defendant's endowment department, before said policy could be forfeited for said reason, it was the duty of the master of finance of True Friends Lodge No. 119, of which said Dock Haywood was a member, at the last regular meeting (of said lodge) in the months of March, June, September, and January to read from the roster of said lodge the names of all delinquent members and immediately notify them, if possible, through the persons named as beneficiaries in their certificates of the arrearages, and that his name will not be forwarded to the endowment board for the incoming quarter, and will be dropped from the roll unless arrearages are paid on or before the first meeting in the following month (new quarter). If wife, the envelope should be addressed to her and the notice inside to the delinquent member. So, in order to forfeit said policy on account of failure to pay dues, the burden was on defendant to show that notice of such arrearages was given in the manner provided by the constitution and by-laws of said endowment department, and show, further, that affirmative action on the part of said lodge was taken in the lifetime of said Dock Haywood, declaring and adjudging said policy forfeited, and no such notice was shown or attempted to be shown, and by reason thereof said policy was in full force and effect at the time of the death of said Dock Haywood, and so the court erred in not finding for the plaintiff."

On the trial in the court below it was shown that appellee issued the policy herein sued on and delivered the same to Dock Haywood as a "financial" member of True Friends Lodge No. 119, a subordinate lodge of the order of Knights of Pythias of North & South America, etc.; that appellant, his wife, is named therein as beneficiary; that Dock Haywood died in August, 1907, and proof of his death was duly made to ap-

pellee. Appellee contends, however, that at the time of his death the policy had been forfeited, for the reason that Dock Haywood was not at that time in good standing in his lodge because he was then owing the endowment department, which department had issued the policy sued on, the sum of $1 due and payable on or before January 1, 1907, and $1 on or before April 1, 1907, and $1 on or before July 1, 1907, and that he was also due the local lodge certain sums of money to pay sick benefits, funeral expenses, etc., the amount of which is not alleged. It is provided by section 1 of article 5 of the constitution of the endowment department of appellee that "the monthly dues of this department shall be thirty-three and one-third cents per month or one dollar per quarter. Said fees or dues are obligatory and shall be charged up to and collected from each financial member of every subordinate lodge in the jurisdiction." It was sufficiently shown by the testimony, we think, that Dock Haywood was in arrears for his quarterly dues to the endowment department for quarters beginning January, April, and July, 1907. Appellee in support of its contention that the deceased member had forfeited all his rights and interest in the funds of the endowment department, and that the policy was thereby forfeited, relies upon section 3 of article 6 of the constitution of the endowment department, which reads as follows: "A member more than three months in arrears with the endowment department, forfeits all his present and previous rights and interests in that department."

Appellee contends that this provision is self-executing, and that, when the member became three months in arrears, his interest in the endowment fund became ipso facto forfeited and the policy void. This provision, standing alone and without being in any way qualified by other provisions of the constitution, would doubtless be susceptible of this construction. But subdivisions I and J of article 10 read: "(I) Every Knight shall pay to the endowment board, through his lodge, the amount prescribed by the Grand Lodge quarterly in advance; and it shall be the duty of the Master of Finance to collect the same monthly in preference of lodge dues, and pay it over to the treasurer of the endowment bureau on or before the first days of January, April, July and October. (J) At the last regular meeting in the months of March, June, September, and December he (the Master of Finance) shall read from the roster the names of all delinquent members and immediately notify them, if possible, through the persons named as beneficiaries in their certificates of the arrearages, and that his name will be dropped from the roll unless arrears are paid on or before the first meeting in the following month (new quarter). If wife, the en-

velope should be addressed to her, and the notice inside to the delinquent member." Section 5 of article 3 of the constitution of subordinate lodges provides, among other things, that the Master of Finance shall keep a true and correct account between the lodge and its members and shall notify all members who are two months in arrears. The policy sued on stipulated that the Grand Lodge on the death of Dock Haywood would pay to Lillie Haywood, the appellant, $300, provided that the insured, Dock Haywood, "is in good standing in his lodge at the time of his death, and the records of the Grand Lodge sustain that fact."

[1] The constitution and laws of appellee and the policy constituted the contract between the member and the lodge, so far as the insurance is concerned. Splawn v. Chew, 60 Tex. 535; Woodmen v. Rothschild, 15 Tex. Civ. App. 471, 40 S. W. 553; Hanna v. Hanna, 10 Tex. Civ. App. 97, 30 S. W. 820.

[2, 3] A provision for forfeiture for nonpayment of assessments, being for the benefit of the insurer, is to be strictly construed, and a forfeiture for failure to pay assessments at the time designated by the constitution and rules of a fraternal insurance society will be enforced only when it appears that such is the plain intent and meaning of the contract; and, if there are repugnant conditions, the courts will enforce such as are in favor of the insured, and will prevent a forfeiture. 25 Cyc. 821. Following this salutary rule and construing the provisions of the constitution of appellee together and in connection with the policy, we think that section 3 of article 6, above copied, when read in the light of subdivisions I and J of article 10, should be construed to mean that a member more than three months in arrears and who had been notified of his delinquency in the manner provided by subdivision J of article 10, and whose arrearages had not been paid before the first meeting in the next month after such notice had been given, should be dropped from the endowment roll and forfeit all his present and future rights and interests in the endowment department. To construe section 3 of article 6 as contended for by appellee would render subdivision J of article 10 meaningless, while to construe them together, as we have done, harmonizes and gives force and effect to both.

[4] In order therefore to defeat appellant's suit, it was incumbent upon appellee to prove, as it had pleaded, that the insured had forfeited his policy for nonpayment of assessments, and to show this it was necessary to prove that Haywood had been notified of his delinquency in the manner provided by its constitution. Bacon, Benefit Societies, § 469; 29 Cyc. 232, 233. As before said, we think it was sufficiently shown that Dock Haywood was delinquent. Ap-

pellee undertook to discharge the burden resting upon it to prove notice by showing by the testimony of the witness Tibbett, over the objection of appellant, that he had personally notified Haywood of his delinquency and requested him to make himself "financial" with the order.

[5] It seems to be well settled that, where the laws of a society expressly provide the manner of giving a notice, that manner must be followed, and no other will suffice in the absence of a custom or contract, binding upon the member, to receive notice in a different manner. Bacon, Benefit Societies, § 379. The author, quoting from Siebert v. Chosen Friends, 23 Mo. App. 272, says: "But wherever the special law of notice prescribes the form and manner in which it is to be given, especially when a forfeiture may result, the party to be affected will, as a general rule, not be bound by notice given in any other form or manner. Thus, when a man's rights are to be adjudicated in a court of justice, he is entitled to just the form, manner, and time of notice that are directed by the statute; otherwise he will not be bound by the proceedings, although bodily present in the courtroom, seeing and hearing all that may be done. The indorser of a promissory note may have a personal knowledge of the maker's intention not to pay, or of his failure to pay at maturity, yet the holder cannot subject him to any liability, without notice of the dishonor, given in the form, time, and manner established by commercial law and usage." The same author, quoting from Covenant Mutual Benefit Association v. Spies, 114 Ill. 467, 2 N. E. 483, says: "It was competent for the contracting parties to fix their own terms in this respect, and, having fixed them, they must abide by them. Thirty days after the date of the notice, but not until then, the parties have contracted, if the money is not paid, the certificate shall be void. There was therefore no obligation to make a tender in the absence of a notice for the purpose of preventing a forfeiture." We think that, if the notice to Haywood of his delinquency was not given in the manner provided by subdivision J of article 10, then the policy held by him was not void at the time of his death and appellant in such case would be entitled to recover, notwithstanding he may have been delinquent. As appellee did not discharge the burden resting upon it to prove that such notice was legally given, the judgment in its favor is erroneous, and must be reversed. But we do not think it would be proper to render judgment here for appellant, for it does not appear that the testimony with reference to this issue was fully developed. It may be that when the court admitted the testimony of the witness Tibbett, above referred to, that appellee then believed it had fully discharged the burden, and did not for that reason offer additional proof. We

think, therefore, that the case should be remanded for another trial. From what we have said above, it necessarily follows that appellant's third assignment, which complains of the admission of the testimony of the witness Tibbett above referred to, must be sustained.

[6] It appears that in 1892, on the organization of True Friends Lodge No. 119, an oral motion was made and adopted by the lodge fixing the amount of monthly dues to be paid by each member at 50 cents per month. This action of the lodge was never recorded in the minutes, nor carried into the by-laws prior to Dock Haywood's death. Section 6 of article 25 of appellee's constitution provides: "All powers not reserved by the Grand Lodge are hereby given the subordinate lodges, such as creating their own by-laws, fixing their monthly dues, stipulating the amount of sick benefits, etc. Such by-laws, before they become binding or operative, must be adopted by the Grand Lodge or, during its recess, by the Grand Chancellor." Another provision of the constitution is: "Every member or Knight shall pay, for sick benefits and funeral expenses, into the treasury of his lodge such monthly dues as the by-laws may stipulate." Construing these two provisions together, we think that the subordinate lodge could not legally impose upon its members the burden of paying any sum as monthly dues unless the amount should be stipulated in and fixed by the by-laws, and that the unrecorded proceeding fixing the amount of the monthly dues can in no sense be regarded as by-laws. This being true, it follows that, in the absence of such by-laws, no sum could be legally exacted from the members in payment of monthly dues, nor could a forfeiture of a policy of insurance be legally declared for a failure to make such payments. Appellant's first assignment, which raises the point, is sustained.

[7] The court admitted in evidence, over the objection of appellant, the account book kept by the Master of Finance of the lodge containing an account between the lodge and Dock Haywood and other members. The introduction of this book was objected to by appellant on the ground that "no sufficient predicate for its introduction had been laid, it having been shown that said book was kept by, and the entries therein made by, A. W. Taylor, who was Master of Finance of said lodge during all the time said Dock Haywood was a member thereof and that said Taylor was at the time of this trial at Beaumont, Texas, within the jurisdiction of the court, and said Taylor's testimony was not offered to show that said book was correctly kept, and that it was a full account of all the transactions between Dock Haywood and said lodge, and because said book shows upon its face that the accounts of Dock Haywood and other members of said lodge are not correctly kept, but it is unintelligible and is not free from suspicion and alteration." The book was admitted after the witness Tibbett had testified as follows: "This book is the one that contains the accounts between the lodge and its members; it is kept by the Master of Finance, whose duty it is to keep the accounts between the lodge and its members. A. W. Taylor was Master of Finance during the time Dock Haywood was a member of the lodge. On page 45 of this book I find the account between Dock Haywood and the lodge. This account is correct. It was my duty, as Chancellor Commander, to see that the books of the lodge were correctly kept—in fact I was practically the lodge. I know the account with Dock Haywood in this book is correct for I saw each item thereof entered in the book. I know the account credits him with whatever was paid in by him, because this was when I was Chancellor Commander, and I saw every one of these entries made by A. W. Taylor." We think this evidence was a sufficient predicate for the introduction of the book in evidence. If the book showed that the accounts generally were not correctly kept or were unintelligible or showed alteration, this went to the weight of the evidence rather than to its admissibility. The assignment is overruled.

What we have said sufficiently disposes of all of appellant's assignments of error.

For the errors indicated, the judgment of the court below is reversed, and the cause remanded.

Reversed and remanded.