## WILLIAMSON v. MODERN WOODMEN OF AMERICA. (No. 6657.)*

(Court of Civil Appeals of Texas. San Antonio. Jan. 11, 1922. Rehearing Denied Feb. 15, 1922.)

1. **Insurance** &xrArr;793—**Divorce deprives wife of rights as beneficiary.**

A divorce deprives a wife of all benefits as a beneficiary under her former husband's benefit certificate; the divorce being equivalent to a civil death, making her a stranger.

2. **Wills** &xrArr;571—**Gift of insurance held not to pass proceeds of benefit certificate to divorced wife.**

A will giving testator's divorced wife any life insurance not transferred to her does not pass to her the proceeds of a benefit certificate, her rights as beneficiary under which were lost by the divorce, where no change of designation was made as required by the association's by-laws with respect to change of beneficiary.

3. **Insurance** &xrArr;793—**Divorced wife cannot recover as dependent of insured under certificate issued to her as his wife.**

A divorced wife, to whom, while still married, a benefit certificate had been issued as insured's wife, could not recover thereunder as his affianced wife and dependent on him for support, in the absence of a change of designation as provided in the by-laws.

4. **Insurance** &xrArr;798 — **Benefit society paying amount of certificate to insured's divorced wife cannot avoid liability to his heirs.**

A fraternal beneficiary society, which paid the amount of a certificate to insured's divorced wife, with full knowledge of his heirs' claim, cannot defeat recovery by the latter on the ground of such payment, since it might have protected itself by filing suit, impleading all the parties and paying the fund into court for distribution under its orders.

Appeal from District Court, Bexar County; Robert W. B. Terrell, Judge.

Action by C. Williamson against the Modern Woodmen of America. Judgment for defendant, and plaintiff appeals. Reversed and rendered.

Ingrum, Smith & Gulley, of San Antonio, for appellant.

Taylor & Hale, of Waco, for appellee.

COBBS, J. This suit was brought by appellant against appellee to recover the sum of $1,000, represented by a benefit certificate issued to John W. Williamson, deceased, on the 28th day of May, 1908, as a member of Modern Woodmen of America, a fraternal beneficiary society, made payable to his wife, Clara Williamson, who was designated therein as the beneficiary. It was alleged that John W. Williamson and Clara Williamson were divorced on or about the 25th day of January, 1917, and were never

remarried; that on the 16th day of October, 1918, John W. Williamson died, a member in said society, and never changed the name of his beneficiary, leaving surviving him at his death his father, the appellant, and three adult sisters as his sole surviving heirs. His sisters assigned their interest therein to appellant, who brings this suit, claiming the proceeds of the certificate.

The appellee's defense was exceptions and general denial and plea that the eligibility of a beneficiary named in the certificate to take could be questioned by no one other than the society, and, not having waived that right, the question cannot be raised by another person. The appellee pleaded in bar that appellant knew or by the exercise of ordinary care should have known, Clara Williamson was in possession of said benefit certificate and asserting her claim thereunder prior to the time when said amount was paid to her, but neither made nor asserted any claim thereto or right under said certificate, and he became estopped from asserting any claim or right under said certificate; further pleaded that at the time of the death of John W. Williamson the named beneficiary was his affianced wife, dependent upon him, and because of such relationship was not excluded from the benefits thereunder, and appellee, by paying the amount of said benefit certificate to her, discharged itself from any further obligation or liability thereunder.

Appellee impleaded Mrs. Clara Williamson, now Mrs. C. B. Neal, she having married again, but upon her plea of privilege the cause as to her was transferred to the district court of Wichita county, the place of her domicile. The case was tried before the court without a jury, who at request of appellant filed findings of fact and conclusions of law, and the court thereupon entered judgment that appellant was not entitled to recover, and entered judgment in favor of appellee.

The correctness of the judgment is attacked by a number of assignments and propositions, but at last the real question is, Was the payment of the certificate by appellee to the divorced wife of the deceased member proper, and did it operate to discharge the appellee from its obligation?

The benefit certificate sued upon, in part, is as follows:

"The Modern Woodmen of America, a fraternal beneficiary society, incorporated, organized, and doing business under the laws of the state of Illinois, hereby certifies: That Neighbor John W. Williamson, a member of Karnes City Camp No. 13035, of the Modern Woodmen of America, located at Karnes City, county of Karnes, and state of Texas, is, while in good standing, entitled to the privileges of this society, and his beneficiary or beneficiaries hereinafter named shall, in case of his death while

---

&xrArr;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error dismissed for want of jurisdiction March 29, 1922.

a beneficial member of this society in good standing, be entitled to participate in the benefit fund of this society to the amount of $1,000, without interest, to be paid to the said beneficiary or beneficiaries, to wit, Mrs. Clara Williamson, related to said member in the relationship of wife. Provided, however, that all the conditions contained in this certificate and the by-laws of this society, as the same now exist or may be hereafter modified, amended, or enacted, shall be fully complied with; and provided, further, that in the event of the death of any beneficiary prior to the death of said neighbor, and upon his failure to designate another beneficiary, then the amount to be paid under this certificate shall be due and payable to the other surviving beneficiaries, if any there be, or, if none survive him, then to the wife of such member, if she survives him, or, in case he has no surviving wife, to his legal heirs."

The by-laws of appellant in designating beneficiaries to whom certificates may be made payable are to those related to the member as heir, blood relative, or person dependent upon him, or member of his family whom the applicant shall designate in his application, with the provision:

"* * * Provided, however, that no payment shall be made upon any benefit certificate to any person who does not bear such relationship as wife, child, surviving child, heir, blood relative, or person dependent upon or member of the family of the member at the time of his death."

The by-laws further provide for payment, in case of death of beneficiary, or in case beneficiary is disqualified, "if no child or children of the deceased child or children, to the mother, if no mother, to the father, if no father," etc.

[1] At the date of the death of John W. Williamson he left as his sole heirs appellant and three sisters, who assigned to appellant their interest in certificate. John W. Williamson never changed the name of his beneficiary, Mrs. Clara Williamson, after her divorce from him, which divorce was equivalent to a civil death, and thereafter her relation became that of a stranger, and she could not take thereunder. There is nothing better settled by law than that a divorce cuts the wife off from all benefits. Schonfield v. Turner, 75 Tex. 324, 12 S. W. 626, 7 L. R. A. 189; Whiteselle v. N. W. Mut. Life Ins. Co. (Com. App.) 221 S. W. 575; Lawson v. United Benevolent Association, 185 S. W. 976; Appelby v. Grand Lodge, Sons of Hermann, 225 S. W. 588.

[2] The by-law (section 52) covering change of beneficiary is as follows:

"Any member in good standing who desires to change his beneficiary shall execute the surrender clause on the back of his benefit certificate, designating therein the change desired, and deliver said certificate, together with a fee of 50 cents, to the camp clerk. The execution of such surrender clause shall be in the presence of, and be attested by, his camp clerk. If a member be so situated that he cannot execute said surrender clause in the presence of his camp clerk, his acknowledgment thereto may be taken by any person authorized by law to administer oaths and the same shall then be forwarded to the clerk of his local camp. The local clerk shall deposit one half of said fee of 50 cents in the general fund of the camp and forward said certificate and the remaining half of said fee to the head clerk, who shall thereupon issue a new benefit certificate payable to the beneficiary named in said surrender clause, subject to the provisions of section 50 hereof, and deposit the fee of 25 cents in the general fund of the society. No change in the designation of beneficiary shall be effective until a new certificate has been issued by the head clerk and within the lifetime of the member."

There is no pretense that any such designation or change of her as his wife was ever made or attempted.

It is urged that, because J. W. Williamson, after his divorce, executed his last will and testament in these words:

"I give, devise and bequeath unto Mrs. Clara Williamson, my former wife, mother of my child who is now deceased, John Glen Williamson, all of my property of every kind both personal and real of which I die possessed of in absolute fee simple, and should there be any insurance on my life of any character that has not been transferred to her, I direct that same shall be hers also, when collected"

—he thereby assigned to her all benefits under that certificate. She took all the estate that could pass under that will, it is true, but it did not operate to pass to her the proceeds of that benefit certificate, whatever may have been his intention, because it was not in compliance with the by-laws of appellee's association, as set forth in the quoted by-laws.

[3] It is sought to place her right to the benefits of the certificate upon the further ground that she was the affianced wife of John W. Williamson and dependent upon him for support. There was testimony which appellee claimed showed she was dependent upon said member, and brought her right thereto under the provisions of the by-laws, which allowed certificate to issue in favor of a "person dependent upon or member of the family of the member at the time of his death." But it must not be overlooked that no certificate was issued to her in that class, but the one issued to her was in another class, and that was while she was his wife, neither of which classes she occupied at his death. He might have changed it to her as a dependent, with the consent of the society, after she had, by her voluntary act in securing a divorce, severed that sacred relation that, once assumed, should continue "as long as life shall last."

The proof does not establish her dependency for support upon him. It shows that

by his will he left his entire estate to her, which she took after his death. Prior to his death he made presents and contributions to her, and was ever willing to again assume the former relations with her as his wife. His conduct in this matter shows a high standard of moral worth in the man and what he conceived to be a man's duty to the woman to whom he had plighted his troth to love, cherish, and ever comfort and support, leaving all others for her.

[4] There is no theory, in our opinion, upon which the judgment of the trial court may be made to stand.

When appellee paid this certificate to Mrs. Clara Williamson it had full knowledge of appellant's claim. Appellee could very easily have protected itself in the payment of the certificate by filing a suit in the proper court, impleading all the parties and tendering and paying the funds or proceeds in court for distribution under its orders and decrees.

The judgment of this court is that the judgment of the trial court be reversed and judgment here rendered for appellant, with interest from date of its payment to Clara Williamson.

FLY, C. J., entered his disqualification and did not sit in this case.