No. 8284.

### THE IRISH CATHOLIC BENEVOLENT ASSOCIATION *v.* O'SHAUGHNESSEY.

BENEVOLENT ASSOCIATION.—*Action for Benefits.—Contract.—Pleading.— Complaint.*—In an action by a member of a benevolent association for benefits alleged to be due him on account of sickness, the allegation that "it is a rule of said association that every member in good standing * * * shall be entitled to" a certain sum per week, is insufficient to show a binding legal obligation on the part of the association to pay its members such sum; such a rule has not the binding force of a contract between the corporation and its members.

SAME.—In such action a paragraph of a complaint, alleging that, by a by-law of such association, "every member in good standing when sick * * * is entitled," etc., is insufficient for failing to allege that such by-law was in force at the time of plaintiff's sickness.

From the Allen Superior Court.

*A. Zollars* and *F. T. Zollars,* for appellant.

WORDEN, J.—Complaint by the appellee against the appellant in two paragraphs. Demurrer to each paragraph, for want of sufficient facts, overruled. Issue, trial by the court, and finding and judgment for the plaintiff. The correctness of the ruling on the demurrers is questioned here by assignments of error.

The first paragraph of the complaint alleged that the defendant was a corporation organized under the laws of this State; that the plaintiff, on the —— day of ——, 18—, "became a member of the defendant association, and as such member entitled to all the rights and benefits accruing to the members thereof; that the object of said association is to promote the mental development, render pecuniary assistance, and encourage the cultivation of brotherly love among all the members who may belong thereto, and render assistance to the widows and orphans of deceased members; that, to secure these ends, it is a rule of said association that every member in good standing, when sick, provided such sickness is not caused by imprudence or the bad conduct of

such member, and if said member is unable to follow his occupation, shall be entitled to five dollars per week from the funds of the association during the continuance of his said sickness. And the plaintiff avers that from the time he became a member of said association, and until and after the 20th day of May, 1877, he was at all times a member in good standing, and regularly paid his dues and assessments in the same; that on the 8th day of May, 1877, he was taken sick, which sickness was not caused by plaintiff's imprudence or bad conduct in any respect, and continued sick and unable to follow his occupation from said date until the 1st day of June, 1878, whereby he became entitled to receive from such association the sum of five dollars per week, in all amounting to two hundred and eighty dollars; and the plaintiff avers that he has performed all and singular the conditions on his part to be performed to entitle him to receive said sum during his said sickness; but that said defendant has wholly failed and refused to pay any part of the amount so due the plaintiff, except the sum of ten dollars, though often requested so to do, and though the defendant has the funds from which to pay the same, all of which is due and unpaid. Wherefore," etc.

The second paragraph was much like the first, except that it stated the ground of the defendant's supposed liability as follows : "That said association is organized for the purpose of mutual aid and improvement, and by a by-law thereof every member in good standing, when sick, provided said sickness is not caused by the imprudence and bad conduct of such member, and if said member is unable to follow his occupation, is entitled to the sum of five dollars per week from the funds of said association during the continuance of said sickness, a copy of which by-law, marked 'Exhibit A,' is filed herewith and made a part hereof." The by-law exhibited is as follows :

"Sec. 1. Every member, if sick and in good standing and unable to follow his occupation, will be entitled to five dollars per week from the funds of the association; *provided,* such sickness is not caused by imprudence or his own bad conduct."

The first paragraph of the complaint seems to us to have been clearly bad. In that, it is alleged that "it is a rule of said association that every member in good standing * * * shall be entitled to five dollars per week," etc. This rule, as thus stated, imports no binding legal obligation on the part of the company to its members. A mere rule is a thing that can be abrogated at the pleasure of the company, as it has not the binding force of a contract between the corporation and its members. Besides this, the pleading is in the present tense. It has reference to the time when the complaint was filed, December 9th, 1878. The complaint does not show even that there was any such "rule" existing at the time of the plaintiff's sickness.

The second paragraph was bad for the reason last above stated. The language of this paragraph is also in the present tense, and has reference to the time of filing the complaint, and not to that of the plaintiff's sickness. It alleges that by the by-law "every member in good standing when sick * * * is entitled to the sum of five dollars per week," etc. It does not appear when the by-law was adopted, or that it was in force at the time of the plaintiff's sickness. Neither paragraph states a good cause of action, and the demurrers to each should have been sustained. We have no brief for the appellee, and are not advised upon what ground the complaint was supposed, in the court below, to have been good.

The judgment below is reversed, with costs, and the cause remanded, for further proceedings in accordance with this opinion.