HOUSTON & TEXAS CENTRAL RAILROAD COMPANY v. T. J. HARRIS.

No. 2074.    Decided June 1, 1910.

1.—Carriers of Passengers—Negligence—Jerking Train.

In a case where a passenger, standing on the steps of the car in readiness to alight at his destination which the train was approaching, was thrown from the car by a jerking of the train while rounding a curve, the evidence is considered and held sufficient to support the conclusion that the train was improperly handled, and to justify a submission of the issue of negligence therein to the jury.   (Pp. 424, 425.)

2.—Passenger—Contributory Negligence—Standing on Steps of Car.

A passenger can not be held guilty of contributory negligence, as matter of law, in going out upon the steps of the train, while it is approaching his destination, preparatory to alighting, where it is a small station at which but a short stop is made.   (P. 425.)

3.—Contributory Negligence—Burden of Proof.

The law does not, at any stage of the trial, impose upon a plaintiff the burden of showing that he has not committed negligence; and it is not proper to charge that any state of the evidence has cast upon him the burden of disproving his negligence.   (Pp. 425, 426.)

4.—Same.

Where his own evidence shows negligence, on the part of the plaintiff, contributing to his injury, or shows facts unexplained which necessitate such conclusion, the court should instruct against him as matter of law; where his evidence merely raises a question of fact as to his negligence, this should be submitted to the jury; but the fact that such evidence comes from the plaintiff does not alter the rule of law as to the burden of proof. If the plaintiff fails, in such case, it is not because he must disprove the inference of contributory negligence, but because he must prove the negligence of plaintiff to be a proximate cause of the injury, which he does not do so long as he leaves his evidence equally consistent with either hypothesis.   (Pp. 425–427.)

5.—Cases Discussed.

Texas & N. O. Ry. Co. v. Crowder, 76 Texas, 500, criticized.   Gulf, C. & S. F. Ry. Co. v. Shieder, 88 Texas, 152, explained.   Gulf, C. & S. F. Ry. Co. v. Hill, 95 Texas, 629, and Texas & P. Coal Co. v. Kowsikowsiki, 125 S. W., 3, discussed.   (P. 427.)

Error to the Court of Civil Appeals for the Fifth District in an appeal from Collin County.

Harris sued the railway company and obtained judgment which was affirmed on appeal by defendant, who thereupon obtained writ of error.

*Baker, Botts, Parker & Garwood, Wilcox & Smith* and *J. S. McEachin,* for plaintiff in error.—The undisputed evidence shows that the defendant, T. J. Harris, at the time he went out of the car in which he was riding and stood upon the steps of said coach, knew that the train would round a curve before coming to a stop at Allen, and knew that the train was running fast at the time, and knew that it was dangerous to stand upon said step, and furthermore knew that he would have plenty of time, after the train stopped at Allen, to leave his seat in said coach and get out upon the platform at said station before the train would start again. If, therefore, it be

conceded that there was any negligence on the part of the defendant railroad company, the act of said plaintiff Harris in standing upon the steps in question, under the circumstances, was of such a reckless character that it will be declared negligence per se, and the proximate cause of his injuries. Houston & T. C. Ry. Co. v. Clemmons, 55 Texas, 88; Gulf, C. & F. Ry. Co. v. Lovett, 7 Texas Civ. Rep., 721; St. Louis S. W. Ry. Co. v. Rice, 9 Texas Civ. App., 509; Texas & P. Ry. Co. v. Boyd, 6 Texas Civ. App., 205; Dougherty v. Yazoo & M. V. Ry., 36 So., 699; Railroad Co. v. Jones, 95 U. S., 433; 3 Thompson on Negligence (2d Ed.), 409-10; Worthington v. Central Vermont Ry. Co., 15 L. R. A., 326; Mercher v. Texas Midland Ry. Co., 85 S. W., 468; McDaniel v. Highland Ave. & B. Ry. Co., 90 Ala., 64; Powers v. Boston & M. Ry. Co., 153 Mass., 188; Bemiss v. New Orleans C. & L. Ry. Co., 47 La. Ann., 1671; 4 Elliott on Railroads, p. 2555, sec. 1630.

The undisputed proof showing that plaintiff voluntarily assumed such position without any necessity therefor, the plaintiff thereby assumed the risk of increased danger by such position. Texas & P. Ry. Co. v. Boyd, 6 Texas Civ. App., 205; Walling v. Trinity & B. V. Ry. Co., 106 S. W., 417; 3 Thompson on Negligence (2d ed.), sec. 2942, p. 403.

There is no proof of any act of negligence on the part of the defendant, or of the servants of the defendant, in the management of the train. St. Louis S. W. Ry. Co. v. Rice, 9 Texas Civ. App., 509; Ray v. Chicago, B. & Q. Ry. Co., 126 S. W., 546.

If it be conceded that plaintiff was thrown from the steps in question by an unusual lurch or jerk caused by the negligence of the defendant company, yet from the undisputed evidence such negligence, if any, was not the proximate cause of plaintiff's injury, but he himself was the author of his own misfortune. Texas & P. Ry. Co. v. Reed, 88 Texas, 448; Sickles v. Missouri, K. & T., 13 Texas Civ. App., 434; Milwaukee & St. P. Ry. Co. v. Kellogg, 94 U. S., 475.

The undisputed evidence showing prima facie contributory negligence on the part of plaintiff, this cast on him the burden of proof to free himself from negligence, and the court should so have instructed the jury. Gulf, C. & S. F. Ry. Co., v. Shieder, 88 Texas, 162; St. Louis S. W. Ry. Co. v. Martin, 26 Texas Civ. App., 231; Texas & P. Ry. Co. v. Reed, 88 Texas, 447; Gulf, C. & S. F. Ry. Co. v. Hill, 95 Texas, 629; San Antonio & A. P. Ry. Co. v. Bennett, 76 Texas, 155.

*Clarence Merritt,* for defendant in error.—It was not negligence per se for the appellee to go out upon the platform of the car preparatory to alight notwithstanding it was more dangerous than inside the car. San Antonio Traction Co. v. Bryant, 30 Texas Civ. App., 437; Galveston, H. & S. A. Ry. v. Fink, 44 Texas Civ. App., 544; Herring v. Galveston, H. & S. A. 102 Texas, 100; St. Louis S. W. Ry. v. Morgan, 44 Texas Civ. App., 155; Moore v. Northern Texas T. Co., 41 Texas Civ. App., 583; Galveston, H. & N. Ry. v. Morrison, 46 Texas Civ. App., 186; Kansas C., M. & O. Ry. Co. v. Young, 111 S. W., 764; Texas & P. Ry. Co. v. Johnson, 106 S.

W., 778. Authorities holding that appellee did not assume risk: Choate v. San Antonio & A. P. Ry. Co., 90 Texas, 82; Gulf, B. & K. C. Ry. Co. v. Harrison, 104 S. W., 399, distinguishing Lovett case in 97 Texas, 436; Gulf, C. & S. F. Ry. Co. v. Moore, 28 Texas Civ. App., 603; Houston & T. C. Ry. Co. v. McHale, 47 Texas Civ. App., 360; Brown v. Sullivan, 10 S. W., 290; Houston & T. C. Ry. Co. v. Johnson, 103 S. W., 241; Galveston, H. & S. A. Ry. Co. v. Patillo, 45 Texas Civ. App., 572; St. Louis & S. F. Rv. Co. v. Neely, 45 Texas Civ. App., 611; International & G. N. v. Williams, 20 Texas Civ. App., 587; San Antonio T. Co. v. Levyson, 113 S. W., 572; Citizens Ry. Co. v. Griffin, 109 S. W., 999; Galveston, H. & S. A. Ry. v. Morris, 60 S. W., 813; Runnels v. Pecos & N .T. Ry., 107 S. W., 649; Lee v. International & G. N. Ry., 89 Texas, 583; Dallas, R. T. Ry. Co. v. Payne, 98 Texas, 211; San Antonio & A. P. Ry. Co. v. Jackson, 38 Texas Civ. App. 201; Kansas & G. S. L. Ry. v. Dorough, 72 Texas, 108; Banner v. Glenn, 15 S. W., 572; Galveston, H. & S. A. Ry. Co. v. Smith, 59 Texas, 402; McAfee v. Huidepkoper, 34 L. R. A., 721; Baltimore & P. Ry. Co. v. Jean (Md.), 57 Atl. 540; Chicago & W. I. v. Newell, 212 Ill., 332; Johnson v. Yazoo & M. V. Ry. Co., 47 S. W., 785; Wabash River Traction Co. v. Baker, 78 N. E., 196.

Not negligence per se to stand on lowest step. Washington Ry. Co. v. Chapman, 6 D. C., 722; Capital Trac. Co. v. Brown, 10 D. C., 814; L. & N. Ry. Co. v. Head (Ky.), 59 S. W., 23; Graham v. McNeill, 43 L. R. A., 300; Watkins v. Birmingham Ry. Co., 43 L. R. A. 297.

The evidence was sufficient for the court to predicate a charge on whether or not the injury to appellee was caused by checking the speed very suddenly and causing the car on which appellee was riding to give a sudden, violent stop and unusual jerk and lurch. Hicks v. Galveston, H. & S. A., 96 Texas, 355; Texas & N. O. v. Scarborough, 104 S. W., 413; Gulf, C. & S. F. v. Coleman, 112 S. W., 674; Groves v. Louisville & W. Ry., 96 S. W., 438; Parham v. Ft. Worth & D. C. Ry., 113 S. W., 154; Missouri, K. & T. v. Davis, 108 S. W., 1023; Kansas C. S. Ry. v. Williams, 111 S. W., 201.

MR. JUSTICE WILLIAMS delivered the opinion of the court.

This writ of error was granted because we thought, upon the showing made in the application, there was no evidence of negligence on the part of the railroad company from which the injury suffered by plaintiff, Harris, resulted, but in the argument our attention was called to facts and circumstances to which the plaintiff testified sufficient in our opinion to require the trial court to submit that question, as well as the others, to the jury.

Plaintiff was a passenger in the early morning on one of defendant's passenger trains from Dallas to Allen. When the train had almost reached the latter station the conductor entered the coach where plaintiff was reclining, perhaps dozing, and· said to him "this is Allen," and immediately turned and went out upon the platform and down upon the step on the rear of one of the coaches where he stood looking forward. towards the station. The plaintiff arose, followed the conductor out and went upon the second step of the car just

behind that on the step of which the conductor stood. He did this in order to be ready to alight promptly, Allen not being a regular stopping place for that train and time being allowed only for passengers to get on and off, and plaintiff being the only one to get off at that time. He stood there, holding with his hands to the iron railings at both ends of the steps, when the car received a sudden check, as if by an application of brakes, which caused it to jerk and to swing to one side, throwing him to the ground. He says the jerk was a "pretty hard jerk," "a sudden jerk and a big one," and describes its effects, which were first to pull his right hand loose from the railing grasped by it, then to swing him around as he still held with his left, so as to strike his breast against the open door of the vestibule of the car and, finally, to throw him so far forward that his hand, as he fell to the ground, went under the front wheel of the nearest trucks of the car which had been in front of him. The train was going too at the rate of thirty to forty miles an hour, although already near its stopping place was rounding a slight curve where the track was in good condition and was quickly stopped at the station.

This description of the occurence, if found to be correct, would justify the inference that the train was not handled with due care for the safety of the passengers and that the injury to plaintiff was due to a too rapid approach to the station, necessitating too sudden a stop. It was shown to be not uncommon for passengers to be upon the platforms or steps of cars, under such circumstances, preparatory to alighting, and that some one might be thus exposed could have been foreseen. It is true that the mere fact that cars in motion, especially in turning curves, sway and jerk to some extent is not evidence of negligence, for the reason that this can not be avoided by any degree of care that can be applied. And the added fact that a passenger standing upon a step may be caused to fall by such a motion can scarcely be regarded as sufficient to raise an inference of negligence, since a fall from such a position is entirely consistent with the exercise of all the control the carrier should be expected to exercise over his vehicle. But we think the jury could justly take a different view of a jerk producing such effects as those just stated. Indeed, the defendant's witnesses do not pretend to say that such an occurrence would be unavoidable or would result from proper management of the train. They deny that any such jerk took place on the occasion in question, leaving the inference that plaintiff fell from the train through his own inadvertence co-operating with the ordinary motion of the train around the curve. This, of course, presented only a question for the jury.

The charge of the court, with that given at defendant's request, submitted all the questions correctly and with sufficient distinctness, and the giving of further instructions was therefore unnecessary.

We can not hold as matter of law that plaintiff was guilty of contributory negligence in going out upon the steps as he did under the circumstances shown. Further discussion of the substantive law of contributory negligence ought to be unnecessary in view of the space it fills in our reports. But a contention as to the proper manner

of charging concerning the burden of proof upon the question as it sometimes arises in negligence cases is yet often presented, as it is in this case, which seems to call for further statement of the view of it upon which we have uniformly acted for many years in passing upon applications for writs of error. That view is that the law does not, at any stage of a trial, impose upon a plaintiff the burden of showing that he has not committed negligence. The law does require that a plaintiff's evidence show a state of facts which entitles him to a judgment; and, hence, when the evidence adduced by him shows that, because of his own fault, he is not so entitled, he loses his cause, because he has proved the fact, and not because the law required him to prove the absence of it. A plaintiff's own evidence may conclusively show negligence on his part which contributed to his hurt, or may show facts which, though susceptible of explanation, are left unexplained, and so necessitate the conclusion of such negligence, in either of which cases the court should decide or instruct against him as matter of law; or his evidence may merely raise a question, to be solved by the opinion of the jury and therefore to be submitted to the jury, as to whether or not his conduct was negligent and contributed, a decision of which by the jury against him likewise results in his defeat.

But these propositions are true because he has in fact furnished the evidence of his negligence, and not because any rule of law ever exacted proof of its absence. Expressions in some of the opinions which may seem to mean that the state of the evidence in particular cases may affect the application of the rule of law as to the burden of proof are inaccurate. The rule of law as it is established in this State is that negligence, whether of the plaintiff or defendant, must be affirmatively shown, and this puts the burden on the party alleging it to make it appear, either by evidence furnished by himself, or by availing himself of that furnished by his adversary, or by both.

It is therefore useless to assign as error in this court the refusal of a trial court to instruct the jury that the burden of exculpating himself from the charge of contributory negligence is on the plaintiff. If, as we have already said, the evidence actually adduced, whether that of one or of both the parties, admits of but one rational' view, and that is that plaintiff has been guilty of contributory negligence, the court should end the case by deciding or instructing against him. But if the evidence is such as to require the submission of that question to the jury at all, the fact that some or all of it may come from plaintiff does not alter the rule of law as to the burden of proof; it is still incumbent on the party who makes the charge to maintain it throughout by making the evidence preponderate in his favor. The evidence still must affirmatively show contributory negligence.

The burden being on a plaintiff to establish the *defendant's* negligence, it sometimes happens, especially in actions for injuries which resulted in death, that the facts adduced leave the cause of the injury unexplained, or in doubt, so that it may as well be attributed to negligence of the injured person as to that of the defendant. The plaintiff° should fail, not, as seems to have been assumed in some

of the older cases of which Texas & N. O. Ry. Co. v. Crowder, 76 Texas, 500, is a type, because he must exclude the assumption of contributory negligence of the person injured, but because he must prove that of the person sought to be charged as a proximate cause of the injury, which he does not do so long as he leaves his evidence equally consistent with either hypothesis.    Texas & P. Coal Co. v. Kowsikowsiki, 125 S. W., 3.

It is true, as held in Gulf, Colorado & Santa Fe Railway Co. v. Hill, 95 Texas, 629, and other like cases, that a charge on the burden of proof, if not carefully worded with reference to the state of the evidence in the particular case, as all charges should be, may easily lead a jury into the mistake that evidence of contributory negligence, to be considered, must come from the defendant, but that case does not support the view that the burden of proof is ever on the party charged with negligence to exculpate himself.

The full and excellent opinion of Judge Denman in the case of Gulf, C. & S. F. Ry. Co. v. Shieder, 88 Texas, 152, would have rendered further discussion of the subject out of place but for persistent contentions, based on expressions therein as to the burden of proof where plaintiff has brought prima facie evidence of his own negligence.  When a plaintiff has left his cause in a condition which would justify the judge in declaring in the charge that the evidence prima facie shows contributory negligence, there is nothing to submit to the jury.  But when his evidence is such that the court can not so determine its effect, as matter of law, the question whether or not he affirmatively appears to have been guilty of negligence is to be submitted to the jury on all the facts adduced, and is not to be divided up by instructing that some of the facts, unless rebutted or explained, would constitute such negligence and then leaving the jury to say whether or not such facts had been rebutted or explained. Of course we are not speaking of those things which by positive law are made negligence per se.

*Affirmed.*