SAN ANTONIO PORTLAND CEMENT CO.
v. GSCHWENDER et al.   (No. 6075.)

(Court of Civil Appeals of Texas.   San Antonio.
Oct. 23, 1918.   Rehearing Denied
Jan. 15, 1919.)

1. MASTER AND SERVANT ⬤══189(7)—"VICE PRINCIPAL"—EXTENT OF POWERS.

Foreman who had control over men working under him, and whose recommendations for employment and discharge of employés in his department were invariably made effective by the company, was a vice principal.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Vice Principal.]

2. MASTER AND SERVANT ⬤══149(2)—NEGLIGENCE AS TO INEXPERIENCED EMPLOYÉ.

Employer knowing that duty of turning on electric switch was dangerous, and that employé was ignorant of such danger, was negligent in ordering employé to turn on switch.

3. MASTER AND SERVANT ⬤══286(39)—DEATH OF EMPLOYÉ—JURY QUESTION—SUFFICIENCY OF TESTIMONY.

In action for death of employé incurred in turning on electric switch, alleged to have been caused by employer's negligence in ordering employé to turn on switch with knowledge of danger, and employé's ignorance thereof, employer's negligence was, under the evidence, for the jury.

4. MASTER AND SERVANT ⬤══190(19)—NEGLIGENCE OF EMPLOYER—DELEGATION OF DUTY.

Where employer knew that certain duty was dangerous, and that employé was ignorant of such danger, it was liable for death of employé incurred in the discharge of the duty, after being ordered to discharge duty by foreman, the negligence being that of the employer.

5. MASTER AND SERVANT ⬤══281(10)—DEATH OF EMPLOYÉ—CONTRIBUTORY NEGLIGENCE.

In action for death of employé incurred in turning on electric switch, in compliance with order, evidence held insufficient to sustain finding that employé realized the danger.

6. MASTER AND SERVANT ⬤══234(1)—CONTRIBUTORY NEGLIGENCE — COMPREHENSION OF PERIL.

An employé could not be negligent in performance of dangerous duty where he had no knowledge of the danger.

7. TRIAL ⬤══252(11) — INSTRUCTIONS — EVIDENCE—CONTRIBUTORY NEGLIGENCE.

Refusal of instruction on contributory negligence of servant injured was not error where there was no evidence of such negligence.

8. TRIAL ⬤══351(5)—SUBMISSION OF ISSUES—ISSUE COVERED BY ONE PREVIOUSLY SUBMITTED.

In action for death of employé refusal to submit issue of whether foreman informed employé of danger incident to work was not error, where issue of whether employé comprehended danger had previously been submitted, such issue completely covering that refused.

9. MASTER AND SERVANT ⬤══289(37)—APPRECIATION OF DANGER—JURY QUESTION.

Testimony held sufficient to require submission to jury of whether employé killed in turning on electric switch, as ordered by his foreman, had knowledge of the danger incident to turning of switch.

10. EVIDENCE ⬤══471(8) — CONCLUSIONS OF WITNESS—STATEMENT OF FACT—KNOWLEDGE OF EMPLOYÉ.

In action for death of employé involving question of whether employé comprehended danger of work, foreman's testimony that employé's "wages were never raised, because Mr. B. thought he did not have enough experience to justify it," was the statement of a fact, and not objectionable as a conclusion.

11. MASTER AND SERVANT ⬤══274(4)—EMPLOYÉ'S EXPERIENCE—EVIDENCE.

In action for death of employé involving question of whether employé realized dangerous character of work, foreman's testimony, "Wages were never raised because Mr. B. thought he did not have enough experience to justify it," held relevant and material.

12. EVIDENCE ⬤══471(8)—CONCLUSION—STATEMENT OF FACTS—KNOWLEDGE OF EMPLOYÉ.

In action for death of employé, involving question of whether employé comprehended dangerous character of work, foreman's testimony that, "I am satisfied that G. [employé] did not understand dangers connected with handling of live wires and switches, on account of careless way in which he handled them, but he seemed to understand routine of work," was statement of facts, and was relevant.

13. APPEAL AND ERROR ⬤══1060(4)—HARMLESS ERROR—ARGUMENT OF COUNSEL.

In action against corporation employer for death of employé, plaintiff's counsel's reference to employer as a "heartless and soulless corpora-

---

⬤══For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

tion," and his reference to plaintiff, employé's wife, as a "wounded dove," and his statement of amount of property of corporation, did not improperly influence jury, where verdict did not indicate either passion or prejudice.

14. DEATH ☞85—DAMAGES—ELEMENTS.

Surviving wife, in action for death of husband, is entitled to recover for the pecuniary loss, if any, suffered by her in husband's death.

15. NEW TRIAL ☞152—AMENDMENT OF MOTION—DISCRETION OF COURT.

Refusal to permit amendment to amended motion for new trial on last day of term, and after a hearing had begun on the amended motion, was a proper exercise of court's discretion.

Appeal from District Court, Bexar County; R. B. Minor, Judge.

Action by Mrs. G. A. Gschwender and others against the San Antonio Portland Cement Company. Judgment for plaintiff named, and defendant appeals. Affirmed.

See, also, 191 S. W. 599.

Hertzberg, Kercheville & Thomson and Arnold, Cozby & Peyton, all of San Antonio, for appellant.

Chambers & Watson and Ben H. Kelly, all of San Antonio, for appellees.

SWEARINGEN, J. This is a suit by Mrs. G. A. Gschwender, J. A. and Eliza Gschwender, the surviving wife, father, and mother, respectively, of G. A. Gschwender, to recover damages for his death, which, it was alleged, occurred while deceased, in the discharge of his duty as an employé of appellant, was turning a switch in obedience to an order of his foreman.

The trial was with a jury, upon special issues, and resulted in a judgment against the parents, and in favor of the surviving wife, in the sum of $10,000. The material issues made by the pleadings and the facts shown by the evidence will be stated in the discussion of the assignments.

The first error assigned is the refusal of a peremptory instruction in favor of appellant. The contention is that the evidence wholly failed to show that the employer, in any particular alleged in the plaintiffs' pleadings, was guilty of any actionable negligence.

[1-3] The issue of negligence made by the pleadings, the evidence, submitted in the special issues and found by the jury, may be substantially and fairly stated as follows: The duty of turning on the electric switch was very dangerous. This danger was unknown to the deceased. The foreman, who was the vice principal of the appellant, knew the danger, and knew that the deceased was ignorant of the danger. The vice principal, knowing the danger and knowing the deceased did not realize the danger, ordered him to turn on the switch. This was actionable negligence of the appellant, and this negligence was the proximate cause of the death of the deceased. There was direct testimony to support the issue of negligence above stated. Mr. Gildersleeve was the vice principal, under whose control deceased worked. Mr. Gildersleeve's recommendations for the employment and discharge of employés in his department, such as deceased, were invariably made effective by the company. Mr. Gildersleeve testified that the work of turning on the switch was dangerous; that he knew the danger, and that the deceased did not realize the danger. He further testified that he ordered deceased to turn on the switch, and that in obedience to that order deceased was killed by the electric current, which should have been controlled by the switch. The testimony of Mr. Gildersleeve was sufficient to require the submission of the issues to the jury.

The first assignment is overruled.

Under the second and third assignments of error the proposition is submitted that a corporation, such as appellant, is not liable for injuries resulting in death, caused by the negligence of the agents or servants of a corporation.

[4] The negligence pleaded in this cause, and found by the jury, was probably not the negligence of an agent or servant of the corporation, but the negligence of a vice principal, Mr. Gildersleeve. Mosher Mfg. Co. v. Boyles, 62 Tex. Civ. App. 636, 132 S. W. 492, § 4. However, the act of ordering deceased to use a dangerous instrument, when the danger was not realized by deceased, but both the danger of the work and the ignorance of deceased were known to the corporation, was negligence of the company itself, as found by the jury in answer to the fifth special issue. The duty here violated, resulting in the death of deceased, was a nondelegable duty of the corporation itself. 18 R. C. L. § 207, note 16.

We overrule the second and third assignments.

[5] The fourth assignment, submitted as a proposition, is that the court erred in its refusal to instruct the jury, upon request of appellant, that the burden of proof was upon plaintiffs to prove that the deceased employé was not guilty of contributory negligence. It is contended that the burden was upon plaintiffs because plaintiffs' evidence developed that there was a safe way to use the switch; that deceased knew the proper way and the danger of the improper way. The evidence is sufficient to sustain a finding that the work was dangerous, but that deceased did not realize the danger. There was no evidence of contributory negligence. The charge was properly refused. Ry. v. Pennington, 166 S. W. 464; Ry. v. Harris, 103

Tex. 422, 128 S. W. 897; Barnhart v. Railway, 107 Tex. 638, 184 S. W. 178; G., C. & S. F. Ry. Co. v. Shieder, 88 Tex. 152, 30 S. W. 902, 28 L. R. A. 538; G., C. & S. F. Ry. Co. v. Melville, 87 S. W. 866; Selman v. G., C. & S. F. Ry. Co., 101 S. W. 1033.

The fourth assignment is overruled.

[6] The fifth, sixth, seventh, and eighth assignments assail the special instruction which the court gave in connection with the eighth special issue. The eighth question was: "Was * * * Gschwender * * * guilty of negligence?" We believe the instruction in connection with this question merely informed the jury that, if they found the work required of deceased to be one of peril, deceased could not be guilty of negligence unless he comprehended the peril. This is a correct statement of the rule of law. 18 R. C. L. §§ 76 and 77.

We overrule the fifth, sixth, seventh, and eighth assignments.

[7] The ninth, tenth, and eleventh assignments complain of the refusal to instruct the jury that if the jury believed from the evidence that the deceased was guilty of contributory negligence, and that the defendant also was guilty of negligence, the negligence of both proximately contributing to cause the death, then to diminish the amount of damages found by it in proportion to the amount of negligence attributable to the deceased. As there was no evidence of contributory negligence, it was not error to refuse the instruction.

The ninth, tenth, and eleventh assignments are overruled.

[8] The twelfth, thirteenth, fourteenth, fifteenth, and sixteenth assignments all assail the refusal of the court to submit to the jury the following form of question: "Did Gildersleeve warn the deceased of the dangers incident to doing the work he was doing at the time of his death?" This issue was completely covered by the second issue given by the court, as will appear, we think, from a comparison of the forms of the issue given and refused. The rule, as stated previously, is that if the work was dangerous, and the employé did not comprehend the danger, and the company's vice principal knew both the danger of the work and also the employé's lack of comprehension of the danger, and instructed him to turn on the switch, then the company is guilty of actionable negligence. The form of the second issue given the jury required it to find whether or not the deceased employé comprehended the danger of using the switch. The question refused required the jury to find whether the deceased was warned of the danger.

We overrule said five assignments presenting the contention.

The seventeenth assignment contends that the submission of the second special issue was error because of a lack of evidence.

The eighteenth assignment assails the form of this second issue, contending that two issues instead of one are submitted in the one question.

The substance of that question is, Did the deceased comprehend the danger involved in the work?

[9] Mr. Gildersleeve recommended the employment of Gschwender, was in control of him, and had him work under his orders during the entire period of his employment. Mr. Gildersleeve testified that Gschwender did not understand or realize the danger of the work. This testimony is not contradicted by any direct testimony. Gildersleeve's testimony alone is sufficient to require the submission of the issue. The form of the question merely applies the question to the issue as made by the pleading and evidence, and does not contain two distinct issues.

The seventeenth and eighteenth assignments are overruled.

[10] Objection to the submission of the fifth special issue is made in the nineteenth assignment, for the reason expressed that the issue was not pleaded. The issue No. 5 is, "Was the order of Gildersleeve to the deceased, G. A. Gschwender, to throw on the switch (provided that you find he gave said order), under such circumstances (if you so find them), negligence on the part of said Gildersleeve and of the defendant?" It was alleged that Gildersleeve was the vice principal of appellant; that the deceased "was an inexperienced hand, and knew * * * nothing about the * * * dangers of electricity, * * * as the * * * San Antonio Portland Cement Company well knew."

After the allegations above mentioned, it was further alleged that the appellant never sufficiently warned the deceased of the dangers incident to the employment, and it was further alleged that the vice principal ordered the deceased to perform the service which required him to throw on the switch resulting in his death. These allegations are made in the third, fourth, and fifth paragraphs of the third amended petition.

The pleading was sufficient to require the submission of the fifth special issue.

We overrule the nineteenth assignment.

[11] We also overruled the twentieth assignment, which complains of the admission of testimony against the objection that it was a conclusion of the witness, and was irrelevant and immaterial and prejudicial. The witness was probably the vice principal, and in control of the deceased and the department in which deceased was employed. The testimony was: "Gschwender's wages were never raised, because Mr. Behles thought he did not have enough experience to justify it." This testimony is the statement of a fact. By what means the witness knew the fact is not indicated or inquired into. We think the testimony is relevant and material.

The statement of facts discloses, without objection, that the witness testified fully about the facts contained in the above answer.

The twentieth assignment is overruled.

The twenty-first, twenty-second, and twenty-third assignments also complain of the admission, over objection, of testimony of the witness Gildersleeve, for the reason that the testimony was a conclusion of the witness.

[12] The testimony is:

"I am satisfied Gschwender did not understand the dangers connected with the handling of live wires and switches on account of the careless way in which he handled them, but he seemed to understand the routine of the work."

"I am satisfied he [meaning Gschwender] didn't know the dangers of electricity by the careless manner in which he handled machinery and exposed himself."

"I don't think he [meaning Gschwender] appreciated the danger of handling live wires and live switches, including the danger of touching the exposed blades of a switch."

All of this testimony is the statement of facts known to the witness and was relevant. All of the above testimony was given by the witness at another time without objection.

The twenty-first, twenty-second, and twenty-third assignments are overruled.

[13] In the twenty-fourth, twenty-fifth, twenty-sixth, twenty-seventh, twenty-eighth, and twenty-ninth assignments it is argued that the findings of the jury should have been set aside by the trial court because of inflammatory and improper argument of appellees' counsel. The remarks were, in substance, that appellant was a "heartless and soulless corporation"; that appellee was a "wounded dove"; that appellant discharged the witness Gildersleeve after he had testified in the first trial of this suit; and that appellant's property consisted of "hundreds of acres of land and four or five acres of buildings." All the facts stated were testified to and appear in the evidence, except that appellee was a dove and that the corporation was heartless and soulless. It is generally admitted as common knowledge that a corporation is a person without heart or soul. We are unable to say that the jury was improperly influenced by either the metaphorical classification of appellee or the qualifying adjectives applied to appellant. The amount of the verdict, under the facts of this case, does not indicate either passion or prejudice.

We overrule the twenty-fourth, twenty-fifth,

twenty-sixth, twenty-seventh, twenty-eighth, and twenty-ninth assignments.

[14] The thirtieth and thirty-first assignments complain of the instruction given by the court in connection with the ninth special issue, which instruction substantially informed the jury that the measure of damages would be such sum of money as, if paid now, would fairly compensate plaintiff for the pecuniary loss, if any, sustained by her in the death of Gschwender. The charge correctly gives the measure of damages. S. A. & A. P. Ry. Co. v. Waller, 27 Tex. Civ. App. 47, 65 S. W. 210. If dissatisfied, the defendant should have requested a correct special charge upon that point. Merchants' & Planters' Oil Co. v. Burns, 96 Tex. 580, 74 S. W. 758.

We overrule both assignments.

[15] Appellants contend in the thirty-second and thirty-third assignments that the trial court abused its discretion by its order overruling a motion made by appellant to file an amendment to its amended motion for new trial. The motion overruled was brought to the attention of the court on the last day of the term and after a hearing had begun upon the amended motion. It further appears from the bill of exception pertaining to this proceeding that one of the jurors, upon being interrogated as a witness, for the purpose of proving an allegation in the amended motion that the jury had discussed, and been influenced by consideration of, attorneys' fees, unresponsive to any question asked, made the statement that it had been stated that the deceased ought to have had life insurance. It seems clear that the trial court discreetly exercised his power to refuse a permit to file the amendment to the amended motion.

Both the thirty-second and thirty-third assignments are overruled.

In the thirty-fifth and thirty-sixth assignments the action of the trial court in overruling the amended motion for a new trial is assailed because appellant contended the testimony of the jurors proved that the jury had been influenced to award the amount of $10,000 as damages by a discussion of attorneys' fees that appellees might have to pay.

We overrule both these assignments for the reason that the trial court, by its order, in effect found as the fact that the testimony was insufficient to sustain the charge of misconduct. We think the evidence sustains that conclusion.

The judgment is affirmed.