## GRAND LODGE FREE AND ACCEPTED MASONS OF TEXAS v. WALKER.

### No. 1485.

Court of Civil Appeals of Texas. Eastland.

Sept. 27, 1935.

Hamp P. Abney, of Sherman, for appellant.

W. J. Durham, of Sherman, for appellee.,

FUNDERBURK, Justice.

This is an appeal by the defendant, Grand Lodge Free and Accepted Masons of Texas, from a judgment of the county court in the sum of $657.22, recovered against it by Lizzie Walker, surviving wife of Richard Walker. Plaintiff's petition alleged: "That the defendant, a private corporation organized under the general laws of Texas as a fraternal benefit society, * * * operating under a lodge system and representative form of government, limiting its membership to those persons who subscribe to its ritualistic ceremonies, * * * makes payments of benefits immediately upon the death of its members * * * conditioned upon payment of an annual assessment or premium in the sum of Fourteen Dollars ($14.00) per year by said members." It was alleged that Richard Walker was for many years prior to his death a member of defendant Grand Lodge, that he died on or about the 18th day of January, 1933, at which time he had paid all assessments and was a member in good and financial standing, "and was entitled to all the benefits, financial and otherwise, provided for by the constitution, rules, regulations and laws of said defendant corporation." It was further alleged that, on account of said membership and the fact of his death, his beneficiary became entitled to receive from the defendant, and defendant became indebted to and liable and bound to pay such beneficiary, the sum of $415.64. A provision of the constitution and by-laws was pleaded prescribing who should be his legal beneficiary in case he had no wife, following which it is alleged that deceased left a legal wife, the plaintiff, and by reason of the preceding facts and the fact that Richard Walker had designated plaintiff as his only beneficiary she was his sole and legal beneficiary, and upon his death defendant became liable to pay her said sum of $415.64. One paragraph of the petition set out a provision of defendant's constitution relating to subordinate lodges, and containing the conditions under which membership therein could be terminated followed by averments that none of such conditions had existed except termination by death. Other allegations were designed to show that plaintiff was entitled to recover the statutory 12 per cent. damages and attorney's fees. Paragraph 4 of the pleading alleged that upon the death of plaintiff's husband she requested from the defendant blanks for the purpose of making proof of death, which were refused; that defendant refused to accept proof of death, whereupon plaintiff made demand for payment of her claim, which was also refused; the defendant denying liability. As to those facts it was further alleged that "defendant by its conduct as hereinbefore set out waived proof of the death of the said Richard Walker." The defendant Grand Lodge urged a general demurrer to plaintiff's petition, which was overruled. The case was tried with a jury whose verdict was rendered in response to one special issue, as follows: "Do you find from the testimony herein that Richard Walker had paid his dues for December 10, 1932, to the defendant Grand Lodge?" The jury having answered this issue in the affirmative, the judgment rendered was as before stated.

By appellant's first assignment of error it is contended that plaintiff's petition was subject to a general demurrer, and the trial court erred in overruling same. Appellant's second assignment of error sets forth the contention that the court erred in rendering judgment against it, because there was no legal and competent proof of the amount of benefits, if any, which appellant was liable to pay. It is shown that the only proof of the amount of benefits consisted of the testimony of R. J. Riddle, which, in so far as material, was to the effect that he was a member of the defendant Grand Lodge, had been a member of a local lodge, other than the lodge of which Walker was a member, for 16 years; that he was a delegate or representative to the Grand Lodge in 1933 and knew the amount of money that the defendant paid the beneficiary of each member dying that year, and that such amount was $415.64. This proof of the amount of benefits is sought to be sustained by the appellee on the ground that appellant, by its pleading, admitted such amount would have been due if

Walker was a member in good standing. This pleading cannot serve to obviate the necessity of other sufficient evidence. It followed a general denial, and it is unquestionably the law that allegations of an answer following a general denial cannot serve as proof of the matters alleged, and therefore cannot relieve the plaintiff from the burden of proving such facts when material to a recovery. Hynes v. Packard, 92 Tex. 44, 45 S. W. 562; Kartes v. Fritter (Tex. Civ. App.) 63 S.W.(2d) 389; Eureka Security, etc., Ins. Co. v. De Ross (Tex. Civ. App.) 62 S.W.(2d) 226; First State Bank v. Jackson (Tex. Civ. App.) 13 S.W.(2d) 979; Spencer v. Temple Trust Co. (Tex. Civ. App.) 36 S.W.(2d) 604; Walker v. Rogers (Tex. Civ. App.) 10 S.W.(2d) 763; Dallas Ry. Co. v. Warlick (Tex. Civ. App.) 268 S. W. 512; Hines v. Warden (Tex. Civ. App.) 229 S. W. 957.

Our consideration of the said second assignment of error, before having definitely determined the first, has led us irresistibly to the conclusion that plaintiff's petition was insufficient to state any cause of action, and the disposition of the appeal should be determined by and follow our conclusion upon that question.

■ If appellant was liable to the appellee for the payment of death benefits, it was by virtue of a contract. We know of no principle of liability based alone upon the mere status of a member of a mutual benefit society without reference to a contract or a wrong constituting a tort. The general rules of pleading with reference to actions to recover upon contracts apply. "The petition * * * must show the existence of a valid and binding contract of insurance, setting it out in terms or in substance, and show that it was subsisting and in force at the time of the loss." 45 C. J. 286, § 236. "The petition must aver every material part of the contract, and so much of it as is essential to the cause of action should be specially set out." 10 Tex. Jur. 494, § 287. "All parts of the contract counted on which are material for the purpose of enabling the court to form a just idea of what the contract actually was, or which are necessary for the purpose of furnishing a basis for the assessment of damages, must be stated with certainty and precision." 13 C. J. 716, § 830. Under the foregoing rule it has been held that an allegation that " 'it is a rule of said association that every member in good standing * * * shall be entitled to five dollars per week,' etc., * * * is insufficient to show * * * the binding force of a contract." Irish Catholic Benevolent Ass'n v. O'Shaughnessey, 76 Ind. 191. The contract may, or may not, consist of a policy or a benefit certificate. "Some societies issue no certificates, and in this event the contract of insurance is to be ascertained by a reference to the society's charter of incorporation or articles of association and its constitution and by-laws." 45 C. J. 8, § 2. The same authority says that, "if the substance of the charter and by-laws relied on as constituting the contract on which the action is based is not stated, except by way of conclusion, a copy of the charter and by-laws must be attached or set out." 45 C. J. 287, § 236.

■ Amplifying one of the above declarations of legal principles, it has been further said that: "The petition * * * ordinarily must contain allegations from which the amount to which plaintiff would be entitled, if successful, can be determined, and a mere reference to the constitution of the society, not set out, either in haec verba or in legal effect, is insufficient on general demurrer." 45 C. J. 291, § 241. In the light of these declarations of the law it will be seen that the plaintiff's petition is defective in several respects. In the first place it does not state that a contract obligation is sought to be enforced. Plaintiff alleged: "That said defendant makes payment of benefits immediately upon the death of its members." For aught the averments show, these payments may be made gratuitously. But, if the obligation is by virtue of a contract so to be implied, in what does the contract consist? Was there a benefit certificate to such effect? Was there a provision in the constitution and by-laws to such effect? The terms of such obligation, if it existed, are not alleged either in substance or effect. The allegations of the pleading in nowise apprised the defendant as to the nature of evidence that would be offered to show the existence and terms of the contract. In the absence of same, the allegations to the effect that the defendant was due and liable to pay the plaintiff $415.64 was not the allegation of even a conclusion of fact, but was necessarily the allegation of a conclusion of law and wholly inadequate to serve as

the statement of essential facts from which such conclusion might follow.

■ The pleading itself shows that if there was a contract, and the contract was the basis of the action, it contained material terms not alleged. This was shown by the attempted pleading of a waiver of proof of death. There could be no waiver of the proof of death unless there was some provision requiring such proof. There is no allegation that there was such provision, or, if so, whether it was in a benefit certificate, the constitution and by-laws, or what. The allegation of waiver was manifestly insufficient unless the contract imposed a duty upon the defendant to furnish, upon request, blanks for making proof of death. There is no such allegation. We are not holding the pleading fatally defective because of the attempted averment of a waiver, but mention that merely to show the fatal defects in the. pleading in its failure to allege the existence and material terms of a contract, and the facts to show that under the provisions of such contract there was a legal liability on the part of the defendant not only to pay death benefits, but to pay death benefits to the plaintiff in some definite sum within the jurisdiction of the court. This the pleading wholly failed to ·do.

Because of our conclusions above stated, it is our opinion that the judgment of the court below should be reversed, and the cause remanded, which is accordingly so ordered.

GRISSOM, J., not sitting.