## NATIONAL AID LIFE ASS'N v. DRISKILL et al.

### No. 1991.

Court of Civil Appeals of Texas. Eastland.

March 8, 1940.

Chrestman, Brundidge, Fountain, Elliott & Bateman, of Dallas, for appellant.

Joe E. Childers, of Abilene, for appellees.

FUNDERBURK, Justice.

This suit was brought by Mrs. H. D. Driskill joined (purportedly) "pro forma" by her husband, H. D. Driskill, against National Aid Life Association, to recover $303.03, insurance upon the life of Mose Franklin, the father of Mrs. Driskill, in accordance with the provisions of a benefit certificate issued by the defendant to said Mose Franklin, deceased. The defendant duly filed a plea of privilege to be sued in Tarrant County. Plaintiffs filed a controverting affidavit to the plea of privilege, seeking to sustain venue in Callahan County under exceptions 23, 27, 28 and 28a, to the general venue provision of Vernon's Ann.Civ.St., art. 1995. In said controverting plea, the plaintiffs described themselves as "Mrs. H. D. Driskill and H. D. Driskill, husband and wife, plaintiffs in the above entitled and numbered cause" etc.

The issues relating to privilege were tried with the issues relating to liability. In a non jury trial the court overruled the plea of privilege and awarded the plaintiffs recovery of $277.77, from which judgment the defendant has appealed.

In our opinion no error is shown in the action of the court in overruling the plea of privilege. The nature of the action as shown by the pleadings was that of a suit brought against a Statewide mutual assessment company, based upon an alleged right or claim arising from, or predicated upon, a policy or contract issued or made by the defendant. Under the undisputed evidence the place of residence of both the policy holder and the beneficiary was Callahan County. That, we think, was suffi-

cient to sustain the venue under exception 28a.

The challenge of the judgment upon the merits of the case presents some difficulty. It is certain that at one time Mose Franklin, the insured, was a member of the National Aid Life Association which is to say that at one time the benefit certificate issued to him was in full force and effect. The certificate, in part, provided: "In event of the death of. the above named member [Mose Franklin] *while this certificate is in full force and effect* [subject to other stated conditions] * * * said National Aid Life Association hereby agrees to pay a sum of money as hereinafter stated * * *." (Italics ours) A further provision was the agreement "that the above named member [Mose Franklin] will pay a regular monthly assessment of $5.00 which assessment shall be due and payable *at the office of the Association* on the first day of each and every calendar month during the life of the member. The member shall be given a grace period of fifteen days within which to make such payment. Failure to pay such assessment within the grace period shall void this contract, unless the same shall be officially reinstated by said Association * * *." (Italics ours) Still another provision of the contract was: "All assessments shall be paid only *to the home office of the Association in Oklahoma City,* except that the first monthly assessment may be paid to and collected by the Association's agent delivering the certificate. In no event and under no circumstances shall any person except an agent *at the home office* be authorized to receive any subsequent assessments under this certificate and the member and beneficiary thereof agree that violation of this clause shall have no binding effect upon the Association and especially that it shall not effect a valid reinstatement or *continuance* of this benefit certificate." (Italics ours)

It is apparent from these provisions that the question of whether or not, at the time of the death of Mose Franklin, the certificate was in full force and effect was dependent upon whether (1) all assessments had been paid within 15 days after their due date, or (2) if not, all defaults had been waived, or (3) the contract, if it had ever lapsed, had been "officially reinstated by said association." (There was no question but that all assessments had been paid, except one due April 1, 1938; that if that was not paid there was no waiver of its non payment, and that if the contract had lapsed there had been no reinstatement of it.) The question is presented: Did the plaintiffs have the burden of proof to show that the assessment of April 1, 1938, was paid as provided in the contract; or, was the burden of proof upon the defendant Association to show that said assessment was not paid? The answer to this question is dependent upon another, namely: Was the required due payment of the assessments a condition precedent to the association's liability upon the contract? All authority is consistently to the effect that the burden of proof is upon the insured or beneficiary to establish conditions *precedent* to the insurer's liability upon a contract of insurance. As said in American Central Life Ins. Co. v. Alexander, Tex.Com.App., 56 S.W.2d 864, by way of quotation from Cooley's Briefs on Insurance, vol. 3, p. 1964: "The law places the burden upon the insured of alleging and proving a compliance with all the conditions precedent provided for in the policy on which the right of recovery rests before a recovery can be had thereon."

The promise to pay insurance was, among other things, conditioned upon proof satisfactory to the association of the death of said member. It would never be argued that such was not a condition precedent. The promise to pay insurance was also conditioned upon the fact that the death of the member occurred "while this certificate is in full force and effect." Was not this also a condition precedent? In our opinion it was. The promise to pay could not be proved by the provisions of the certificate, as, of course, it was necessary to do without disclosing the qualification that such promise was only to be performed upon the condition that the member died "while the certificate was in full force and effect."

There is apparently much conflict of authority upon the question of whether the payment of premiums provided for in contracts of insurance constitutes condition precedent. Undoubtedly, we think, the payment of premiums may by the terms of a particular contract, be a condition precedent; and yet by the terms of another contract not a condition precedent. As, for example, the obligation to pay an assessment may itself be conditioned upon the assessment's being made and notice thereof given by the insurer. In such a case the payment of premiums is not a condition precedent. Haywood v. Grand Lodge, Tex.Civ.App., 138 S.W. 1194; Winters Mut. Aid Ass'n v.

Corum, Tex.Civ.App., 297 S.W. 238; Wichita Home Ins. Co. v. Montgomery, Tex.Civ.App., 4 S.W.2d 1041.

In the instant case the obligation to pay $5 as a so-called assessment on, or within the 15 days after, the first day of each month was unqualified. The contract made no provision for notice. The certificate itself was notice of the amount and due date of each so-called assessment. The above cited cases are, therefore, not authority upon the question under consideration.

■■ A fair test of whether the payment of premiums or assessments constitutes a condition precedent is whether such payment must be alleged by the plaintiff. In Corpus Juris, it is said: "Payment of the premiums must be alleged." 33 C.J. p. 86, § 798. Again: "The petition must show a valid contract * * * and that it was subsisting and in force at the time of the loss." 33 C.J. p. 83, § 796; Supreme Lodge v. Johnson, Tex.Civ.App., 168 S.W. 1010; Grand Lodge v. Walker, Tex.Civ.App., 86 S.W.2d 839. In Noble v. Southern States Mut. Life Ins. Co., 157 Ky. 46, 162 S.W. 528, 530, it was said: "* * * that the payment of premiums was a condition precedent to the continuance of the risk"; and further, "That being true, it was necessary for plaintiff to allege payment or some adequate excuse for nonpayment." The extent of the conflict, or apparent conflict, of authorities appears from the note to Topinka v. Minnesota Mut. Life Ins. Co., 189 Minn. 75, 248 N.W. 660, 95 A.L.R. 739.

■ It is our conclusion that the better reasoning supports the view as applicable to contract provisions like those here involved that the due payment of the so-called assessments is by the terms of the contract made a condition precedent to liability.

■ The plaintiffs introduced evidence which must here be taken to be true, showing that in accordance with a long continued course of dealing Mose Franklin, acting by the beneficiary, Mrs. Driskill, mailed a check covering the amount of the April 1, 1938, assessment to the Association in an envelope properly addressed, with the required postage prepaid, and at a time when in due course of the mails it should have been received on or before the due date. The rule is: "When a letter or other mail matter is properly addressed and mailed with postage prepaid there is a rebuttable presumption of fact that it was received by the addressee as soon as it could

have been transmitted to him in the ordinary course of the mails." 22 C.J. p. 96, § 36.

In the absence of evidence to the contrary, we have no doubt that plaintiffs, in the manner stated, met their burden of proof to show payment of the assessment in question. There was, however, direct and positive evidence contradicting the fact of payment. How would such evidence affect the otherwise existing presumption? Would the presumption continue to function as evidence; or, would it wholly cease to operate? Under the authorities this question is, to say the least, not free from difficulty.

Two opposing views are stated in Corpus Juris as follows: "It has been held that evidence of non receipt of mail matter, even though it consists of the addressee's positive denial of receipt, does not nullify the presumption, but leaves the question for the determination of the jury under the circumstances, with such weight given to the presumption as they think it entitled to, the burden of proving receipt remaining throughout upon the party who asserts it; but, on the other hand there are authorities which have asserted the addressee's positive denial of the receipt of mail matter renders of little weight or even entirely overcomes the presumption of receipt", etc. 22 C.J. 102, § 44.

McCormick & Ray propound this question: "Is a presumption evidence or something to be weighed by the jury along with the evidence?" Their answering conclusion is: "Most of the legal writers find no difficulty in answering the question in the negative. Moreover, this appears to be the view of a majority of the courts including those of Texas." McCormick & Ray, Texas Law of Evidence, p. 58, sec. 37. In a note to Jefferson Standard Life Ins. Co. v. Clemmer, 103 A.L.R. 185, it is said: "Although there is some authority to the contrary, and much confusion and loose language on the subject, the weight of authority supports the view with respect to presumptions generally, that a legal presumption is not in the nature of evidence and, of itself, has no probative force." Supporting this view is W.O.W. v. Alexander, Tex. Civ.App., 239 S.W. 343. Apparently to the same effect are Supreme Camp, W.O.W., v. McNulty, Tex.Civ.App., 103 S.W.2d 867; Bibby v. Bibby, Tex.Civ.App., 114 S.W.2d 284; Moore v. Wooten, Tex.Com.App., 280 S.W. 742; American Central Ins. Co. v.

Heath, 29 Tex.Civ.App. 445, 69 S.W. 235. To the contrary is Wichita Valley R. Co. v. Davis, Tex.Civ.App., 275 S.W. 169, and perhaps American Nat. Ins. Co. v. Callahan, 125 Tex. 222, 81 S.W.2d 504. A good many decisions are difficult to appraise as, for instance, Largen v. State, 76 Tex. 323, 13 S.W. 161, 163, wherein it is said that "presumptions cannot be indulged in opposition to facts which show that the fact sought to be established by presumption can have no existence." See also Jester v. Steiner, 86 Tex. 415, 25 S.W. 411.

▮ We deem it unnecessary, however, to express a definite opinion upon the specific question of whether when a fact otherwise presumed, is contradicted by direct evidence, the presumption does or does not continue to have evidentiary effect. There seems to be general agreement that there is no shifting of the burden of proof. Whether after the introduction of evidence showing the Association did not receive the check the presumption continued to have evidentiary value or not, the burden remained upon the plaintiffs to establish by a preponderance of the evidence that the check was received. St. Louis S. W. R. Co. v. Parks, 97 Tex. 131, 76 S.W. 740; Mexican Central Railway Co. v. Lauricella, 87 Tex. 277, 28 S.W. 277, 47 Am.St.Rep. 103. The only evidence was that before stated. Giving conclusive effect to all the evidence, tending to show the assessment was paid by receipt of the check, except the presumption only, two different inferences were possible: (1) The check was received, (2) the check was lost in the mails and, therefore, not received. If the presumption was rebutted in the sense that it was destroyed, then we should unhesitatingly conclude that as a matter of law the evidence was insufficient (wanting in essential respects) to show that the check was received. But even if the presumption continued as a matter to be considered in the nature of evidence, the burden of proof, we think, was nevertheless not discharged. There was required some evidence which being believed by the fact finder favored the inference that the check was received over the inference that it went astray in the mails. It seems to us that the Association produced all the evidence possible upon the issue to show that the check was not received. It may be answered that the witnesses were interested witnesses. But the Association did not have the burden of establishing by a preponderance of the evidence that the check was not received. The burden was upon plaintiff to show by a preponderance of the evidence that it was received. There is absent any preponderance of the evidence to show receipt of the check by the association. We have several times had occasion to say, in effect, that "when, in a given case, the existence, or not, of an ultimate fact issue can only be found as an inference from evidentiary facts, the party having the burden of proof upon the issue must produce evidence to warrant the jury in believing that an inference of the issuable fact is more probable or reasonable than an inference of its nonexistence." Paris & M. P. R. Co. v. Russell, Tex.Civ.App., 104 S.W.2d 650, 651; Texas Pacific Fidelity Co. v. Hall, Tex.Civ. App., 101 S.W.2d 1050, 1053; Metropolitan Cas. Ins. Co. v. Woody, Tex.Civ.App., 80 S. W.2d 771; Dallas Joint Stock Land Bank v. Colbert, Tex.Civ.App., 127 S.W.2d 1004. In Houston & T. C. R. Co. v. Harris, 103 Tex. 422, 128 S.W. 897, 899, the court said: "The burden being on a plaintiff to establish the defendant's negligence, it sometimes happens, especially in actions for injuries which resulted in death, that the facts adduced leave the cause of the injury unexplained, or in doubt, so that it may as well be attributed to negligence of the injured person as to that of the defendant. The plaintiff should fail, not, as seems to have been assumed in some of the older cases * * * because he must exclude the assumption of contributory negligence of the person injured, but because he must prove that of the person sought to be charged as a proximate cause of the injury, which he does not do so long as he leaves his evidence equally consistent with either hypothesis."

▮ From this same principle it is deducible, we think, as a sound legal proposition that where the burden of proof rests upon a party to establish a particular issue of fact by a preponderance of the evidence; and in the attempted discharge of such burden he produces no direct evidence but only evidence from which the fact in issue may be inferred, but which evidence at the same time supports with equal force an inference contrary to the fact in issue; if the fact in issue be contradicted by direct and positive evidence, even though given by interested witnesses; and there is an entire absence of any evidence tending

to show that the inference of the fact in issue is more reasonable or probable than an inference to the contrary, the issue of fact, as a matter of law, is not raised by the evidence.

From these conclusions it follows that in our opinion the judgment of the court below should be reversed and judgment be rendered to the effect that the plaintiffs take nothing. It is accordingly so ordered.